UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONALD V. CASAS,<br><br>         Plaintiff,<br><br>v.<br><br>EXPERIAN INFORMATION SOLUTIONS, INC. *et al.*,<br><br>         Defendants. | Case No.: 17-CV-1786-JM(WVG)<br><br>**SCHEDULING ORDER REGULATING DISCOVERY AND OTHER PRE-TRIAL PROCEEDINGS** |

  Pursuant to Rule 16.1(d) of the Local Rules, a Case Management Conference was held on January 5, 2018. After consulting with the attorneys of record for the parties and being advised of the status of the case, and good cause appearing, **IT IS HEREBY ORDERED**:

  1. Any motion to join other parties, to amend the pleadings, or to file additional pleadings shall be filed on or before **February 5, 2018**.

  2. On or before **May 29, 2018**, all parties shall exchange with all other parties a list of all expert witnesses expected to be called at trial to present evidence under Federal Rule of Evidence 702, 703, or 705. The list shall include the name, address, and phone number of the expert and a brief statement identifying the subject areas as to which the expert is expected to testify. The list shall also include the normal rates the expert charges

for deposition and trial testimony. On or before **June 12, 2018**, any party may supplement its designation in response to any other party's designation so long as the party supplementing its expert designation has not previously retained an expert to testify on that subject.

3. Each expert witness designated by a party shall prepare a written report to be provided to all other parties <u>no later than</u> **July 3, 2018**, containing the information required by Fed. R. Civ. P. 26(a)(2)(B).

4. On or before **July 17, 2018**, any party, through any expert designated, shall in accordance with Fed. R. Civ. P. 26(a)(2)(D)(ii), supplement any of its expert reports regarding evidence intended solely to contradict or rebut evidence on the same subject matter identified in an expert report submitted by another party.

**Except as provided in paragraph 5, below, any party that fails to make these disclosures shall <u>not</u>, absent substantial justification, be permitted to use evidence or testimony not disclosed at any hearing or at the time of trial. In addition, the Court may impose sanctions as permitted by Fed. R. Civ. P. 37(c).**

5. If a party has made a disclosure under Rule 26(a), and "learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing," the party must supplement or correct its disclosure or response in a "timely manner," pursuant to Fed. R. Civ. P. 26(e)(1).

6. <u>All</u> discovery pertaining to facts shall be completed on or before **May 8, 2018**. <u>All</u> discovery pertaining to expert witnesses shall be completed on or before **August 7, 2018**.

7. "Completed" means that all discovery under Rules 30-36 of the Federal Rules of Civil Procedure must be initiated a sufficient period of time in advance of the cut-off date, <u>so that it may be completed</u> by the cut-off date, taking into account the times for services, notice, and response as set forth in the Federal Rules of Civil Procedure, **and any motions and the resolution of any discovery disputes**. All disputes concerning discovery

2

17-CV-1786-JM(WVG)

shall be brought to the attention of the Magistrate Judge no later than thirty (30) days following the date upon which the event giving rise to the discovery dispute occurred. Counsel shall meet and confer pursuant to the requirements of Fed. R. Civ. P. 26 and Local Rule 26.1(a).

8. All other pretrial motions must be filed by **September 7, 2018**. Counsel for the moving party must obtain a motion hearing date from the law clerk of the judge who will hear the motion. The period of time between the date you request a motion date and the hearing date may vary from one district judge to another. Please plan accordingly. Failure to make a timely request for a motion date may result in the motion not being heard. Motions in limine are to be filed as directed in the Local Rules, or as otherwise set by the district judge.

9. A Mandatory Settlement Conference shall be conducted on **June 22, 2018**, at **9:00 a.m.** in the chambers of Magistrate Judge William V. Gallo. Counsel shall submit settlement statements **directly to chambers** no later than **June 14, 2018**. Each party's settlement statement shall set forth the party's statement of the case, identify controlling legal issues, concisely set out issues of liability and damages, and shall set forth the party's settlement position, including the last offer or demand made by that party, and a separate statement of the offer or demand the party is prepared to make at the settlement conference. **Settlement conference briefs shall not be filed with the Clerk of the Court, but may be served on opposing counsel at the party's discretion. Settlement conference briefs shall comply with the undersigned's Chambers Rules.** The parties shall meet and confer in good faith prior to the Mandatory Settlement Conference, and verify that they have done so in their respective Mandatory Settlement Conference statements, outlining the substance of their discussions and negotiations.

10. Pursuant to Federal Rule of Civil Procedure 16 and Local Civil Rule 16.3, all named Plaintiffs, named Defendants, claims adjusters for insured defendants, and if a named Plaintiff or Defendant is a corporation, partnership, or other entity, a representative

of that entity, with full and unlimited authority[1] to negotiate and enter into a binding settlement, as well as the principal attorney(s) responsible for the litigation, must be present and must be prepared to discuss in good faith, the facts of the case, the law that governs the legal issues in the case, and to resolve the case at the Settlement Conference. Sanctions may issue against a party and/or attorney who does not proceed as noted above. Retained outside corporate counsel <u>shall not</u> appear on behalf of a corporation as the party who has the authority to negotiate and enter into a settlement. For good cause, and on ex parte application at least one week before the scheduled settlement conference, Magistrate Judge Gallo may excuse a party or representative from personal attendance provided such party or parties will be available by telephone during the conference. Failure to attend the conference or participate in good faith or obtain proper excuse will be considered grounds for sanctions. Counsel seeking to reschedule a Settlement Conference must first confer with opposing counsel. The Court will consider formal, written *ex parte* requests to continue a Settlement Conference when extraordinary circumstances exist that make a continuance appropriate. In and of itself, having to travel a long distance to appear at the Settlement Conference is not an extraordinary circumstance.

11. If a bench trial, counsel shall file their Memoranda of Contentions of Fact and Law and take any other action required by Local Rule 16.1(f)(2) by **November 30, 2018**. However, in jury trial cases before Judge Miller, neither party is required to file Memoranda of Contentions of Fact and Law.

---

[1] "Full authority to settle" means that the individuals at the settlement conference must be authorized to fully explore settlement options and to agree at that time to any settlement terms acceptable to the parties. *Heileman Brewing Co., Inc. v. Joseph Oat Corp.*, 871 F.2d 648 (7th Cir. 1989). The person needs to have "unfettered discretion and authority" to change the settlement position of a party. *Pitman v. Brinker Int'l, Inc.*, 216 F.R.D. 481, 485-86 (D. Ariz. 2003). The purpose of requiring a person with unlimited settlement authority to attend the conference includes that the person's view of the case may be altered during the face to face conference. *Id.* at 486. A limited or a sum certain of authority is not adequate. *Nick v. Morgan's Foods, Inc.*, 270 F.3d 590 (8th Cir. 2001).

12. Counsel shall comply with the pre-trial disclosure requirements of Fed. R. Civ. P. 26(a)(3) by **November 30, 2018**. Failure to comply with these disclosure requirements could result in evidence preclusion or other sanctions under Fed. R. Civ. P. 37.

13. Counsel shall meet and take the action required by Local Rule 16.1(f)(4) by **December 7, 2018**. At this meeting, counsel shall discuss and attempt to enter into stipulations and agreements resulting in simplification of the triable issues. Counsel shall exchange copies and/or display all exhibits other than those to be used for impeachment. The exhibits shall be prepared in accordance with Local Rule 16.1(f)(4)(c). Counsel shall note any objections they have to any other parties' Pretrial Disclosures under Fed. R. Civ. P. 26(a)(3). Counsel shall cooperate in the preparation of the proposed pretrial conference order.

14. Counsel for plaintiff will be responsible for preparing the pretrial order and arranging the meetings of counsel pursuant to Civil Local Rule 16.1(f). By **December 14, 2018**, plaintiff's counsel must provide opposing counsel with the proposed pretrial order for review and approval. Opposing counsel must communicate promptly with plaintiff's attorney concerning any objections to form or content of the pretrial order, and both parties shall attempt promptly to resolve their differences, if any, concerning the order.

15. The Proposed Final Pretrial Conference Order, including objections to any other parties' Fed. R. Civ. P. 26(a)(3) Pretrial Disclosures shall be prepared, served and lodged with the assigned district judge by **December 21, 2018**, and shall be in the form prescribed in and comply with Local Rule 16.1(f)(6).

16. The final Pretrial Conference is scheduled on the calendar of the **Honorable Jeffrey T. Miller** on **January 11, 2019** at **8:30 a.m.** A trial will be held before the Honorable Jeffrey T. Miller, United States District Court Judge, on **February 11, 2019** at **10:00 am**.

17. The parties must review the chambers' rules for the assigned district judge and magistrate judge.

18. A post trial settlement conference before a magistrate judge may be held within 30 days of verdict in the case.

19. The dates and times set forth herein will not be modified except for good cause shown.

20. Briefs or memoranda in support of or in opposition to any pending motion shall not exceed twenty-five (25) pages in length without leave of a district court judge. No reply memorandum shall exceed ten (10) pages without leave of a district court judge. Briefs and memoranda exceeding ten (10) pages in length shall have a table of contents and a table of authorities cited.

21. Plaintiff's counsel shall serve a copy of this order on all parties that enter this case hereafter.

**IT IS SO ORDERED.**

DATED: January 5, 2018

Hon. William V. Gallo
United States Magistrate Judge